# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES JACKSON CARSWELL,** *Plaintiff,* v. **Warden TJ CONLEY,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:17-cv-00203-TES** |

## ORDER GRANTING MOTIONS TO DISMISS

Presently before the Court are Defendants Conley, Barrow, and Harmon's Motion to Dismiss [Doc. 44]; Defendant Fleming's Motion to Dismiss [Doc. 49]; and Defendants Rogers and Jackson's Motion for Judgment on the Pleadings [Doc. 58]. For the following reasons, these motions are all **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, alleges that he was denied medical treatment, retaliated against, denied access to the courts, and denied water and outside time by prison officials while he was incarcerated at Washington State Prison in Davisboro, Georgia. *See generally* [Doc. 8]. At this stage, only the following claims remain: (1) Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Rogers and Fleming; (2) Eighth Amendment conditions-of-confinement claims against Defendants Conley, Fleming,

Jackson, and Harmon; and (3) retaliation claims against Defendants Rogers, Barrow, Jackson, Conley, and Harmon. *See* [Docs. 9, 20].

These Defendants now move to dismiss the claims alleged against them on the grounds that Plaintiff failed to exhaust his administrative remedies at Washington State Prison before filing this lawsuit, that Plaintiff's claims for monetary relief against the Defendants in their official capacities are barred by Eleventh Amendment immunity, and that Plaintiff's claims for injunctive relief became moot when he was transferred out of Washington State Prison. *See generally* [Docs. 44-1, 49-1, 58-1]. Plaintiff responded to the motions to dismiss, [Doc. 62],[1] and the motions are now ripe for the Court's review.

## DISCUSSION

### A. Standards of Review

#### 1. Motion to Dismiss

When ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and he must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333

---

[1] Plaintiff only responded to Defendants Rogers and Jackson's Motion for Judgment on the Pleadings. However, because the motion for judgment on the pleadings incorporates the arguments in Defendants Conley, Harmon, and Barrow's Motion to Dismiss by reference (as does Defendant Fleming's Motion to Dismiss), the Court construes Plaintiff's brief as a response to all of the motions to dismiss.

2

(11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). He must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action," *id.*, such that the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

When assessing a motion to dismiss for failure to state a claim, the Court employs a two-step framework. *McCullough*, 907 F.3d at 1333. First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory allegations are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

2. <u>Motion for Judgment on the Pleadings</u>

Pursuant to the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss."

3

*Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

## B. <u>Failure to Exhaust</u>

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 91, 93 (2006). Prisoners must also complete "each step within the administrative process," which includes filing a timely appeal if an initial grievance is denied and if an appeal is available. *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005)).

The determination of whether an inmate exhausted his administrative remedies prior to filing suit in federal court is a matter of abatement and should be raised in a motion to dismiss. *Id.* at 1374. A defendant moving to dismiss on the ground that a prisoner-plaintiff failed to exhaust his administrative remedies bears the burden of proving failure to exhaust. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

The Court's analysis on this issue occurs in two steps. First, the Court considers the factual allegations in the defendant's motion to dismiss, and if they conflict with the

4

factual allegations in the plaintiff's response, the Court defers to the plaintiff's facts. *Id.* If, in this light, the complaint fails to establish that the plaintiff exhausted his administrative remedies, the Court must grant the motion to dismiss. *Id.* But if the defendant is not entitled to dismissal at this first step, the Court makes specific findings to resolve the disputed facts. *Id.* In doing so, the Court is entitled to consider evidence from outside the pleadings, because dismissal for failure to exhaust is not an adjudication on the merits of the case. *Bryant*, 530 F.3d at 1376.

The Court cannot grant Defendants' motions to dismiss at the first step because, although they claim that Plaintiff either did not file grievances relating to the deprivations alleged in his amended complaint or did not appeal grievances relating to those deprivations, Plaintiff alleges in his amended complaint and in his response to the motions to dismiss that prison officials ignored or discarded the grievances he filed. As such, Plaintiff has raised the issue of unavailability, which if proven, would negate the requirement that he exhaust his administrative remedies.

In *Ross v. Blake*, the United States Supreme Court clarified that inmates are only required to exhaust administrative remedies that are "available." 136 S. Ct. 1850 (2016). An administrative remedy is unavailable if (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use," such as when "no ordinary inmate can discern or navigate it"; or (3) prison officials "thwart inmates from

taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Although Plaintiff's allegations that the grievance process was not available are sufficient to get him past the first step of the Court's analysis, Defendants have presented enough evidence to warrant dismissal at the second step. Washington State Prison follows the Georgia Department of Corrections Standard Operating Procedure ("SOP") for grievances. [Doc. 44-2, ¶ 4]. The SOP requires an inmate to (1) file a grievance related to a single issue or incident within ten days of the date he knew or should have known of the issue or incident, and (2) file a "Central Office Appeal" within seven days of receiving a response to the original grievance. [*Id.* at ¶ 8]; [Doc. 44-3, pp. 8–13]; [Doc. 44-4, pp. 9–15]. The prison warden has 40 days from when an inmate delivers a grievance to respond to it, but an inmate may file a Central Office Appeal if he receives no response to his original grievance in that time. [Doc. 44-3, pp. 10, 11–12]; [Doc. 44-4, pp. 12, 14].

Defendant provided evidence of ten grievances Plaintiff filed while incarcerated at Washington State Prison from June 26, 2014 to December 21, 2016, only two of which he appealed upon denial. *See* [Doc. 44-5]. The two grievances that Plaintiff appealed did not concern the issues in this case. *See* [Doc. 44-13][2]; [Doc. 44-14][3]. In response to this

---

[2] Grievance No. 219433, regarding a verbal assault by Sergeant Jackson on May 4, 2016, and Sergeant Jackson's refusal to provide Plaintiff with medical care after he reported chest pains on July 31, 2015.

[3] Grievance No. 232931, regarding denial of access to the store at Augusta State Medical Prison on November 23, 2016.

evidence, Plaintiff merely states that "Defendants failed to respond or process the numerous grievances Plaintiff submitted," but that he "has signed receipts to grievances in his possession as well as his copies of grievances filed." [Doc. 62-1, p. 3]. Nevertheless, Plaintiff failed to file his grievance receipts and copies, and in the absence of such evidence, the Court must credit Defendants' sworn affidavits and grievance records. Defendants' evidence shows that the grievance process was available to Plaintiff at Washington State Prison, that Plaintiff was capable of completing the grievance process, and that Plaintiff failed to exhaust his administrative remedies for the claims at issue in this case.

### C. Eleventh Amendment Immunity

The Court also agrees that Defendants enjoy Eleventh Amendment immunity with regard to Plaintiff's claims for monetary damages against them in their official capacities. Lawsuits under 42 U.S.C. § 1983 may only be brought against "persons" who deprive an individual of his constitutional rights while acting under color of state law. 42 U.S.C. § 1983. It is well-settled that neither a state, nor a governmental agency that acts as an "arm of the state," nor individuals acting in their official capacities as employees of such an agency are "persons" within the meaning of Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 71 (1989); *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993). Furthermore, the Eleventh Amendment to the United States Constitution bars a Section 1983 action against the State of Georgia unless the State either consents to suit or waives

its sovereign immunity with regard to Section 1983 claims—neither of which has happened here. *See Miller*, 384 F.3d at 1260. Accordingly, Plaintiff's claims for damages against Defendants—all of whom are Georgia Department of Corrections employees—in their official capacities are barred.

### D. Injunctive Relief

Finally, Plaintiff's transfer from Washington State Prison, where the allegations in his complaint took place, mooted his claims for injunctive relief against Defendants. *See Owens v. Secretary, Fla. Dep't of Corr.*, 602 F. App'x 475, 476 (11th Cir. 2015) (per curiam); *see also McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984).

### CONCLUSION

For the reasons stated above, Defendants Conley, Harmon, and Barrow's Motion to Dismiss [Doc. 44]; Defendant Fleming's Motion to Dismiss [Doc. 49]; and Defendants Rogers and Jackson's Motion for Judgment on the Pleadings [Doc. 58] are **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED**, this 7th day of May, 2019.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**